**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern District of Texas
(State)

Case number *(if known)*: _____    Chapter __11__

☐ Check if this is an
amended filing

<u>Official Form 201</u>

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

**04/16**

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| **1.** | **Debtor's Name** | <u>Parker Drilling Management Services, Ltd.</u> |
| **2.** | **All other names debtor used in the last 8 years** | <u>Parker Drilling Management Services, Inc.; Parker Drilling Management Services, Ltd. Co.; Parker Drilling Management Services, Ltd. LLC</u> |
| | Include any assumed names, trade names, and *doing business as* names | |

**3. Debtor's federal Employer Identification Number** (EIN)

<u>73-1567200</u>

**4. Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| <u>5 Greenway Plaza</u> | |
| Number        Street | Number        Street |
| <u>Suite 100</u> | P.O. Box |
| <u>Houston, Texas 77046</u> | |
| City                    State    Zip Code | City                    State    Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| <u>Harris</u> | |
| County | Number        Street |
| | |
| | City                    State    Zip Code |

**5. Debtor's website** (URL)        <u>https://www.parkerdrilling.com</u>

**6. Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor _____Parker Drilling Management Services, Ltd._____     Case number *(if known)* _____
　　　　　Name

---

**7.  Describe debtor's business**

A.  *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in sss U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

---

B.  *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

---

C.  NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**2111 (Oil and Gas Extraction)**

---

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11.  *Check all that apply:*

　　　☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

　　　☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).  If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

　　　☒ A plan is being filed with this petition.

　　　☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

　　　☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934.  File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

　　　☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes.　District _____  When _____  Case number _____
　　　　　　　　　　　　　　　　　　　MM/DD/YYYY

　　　　　District _____  When _____  Case number _____
　　　　　　　　　　　　　　　　　　　MM/DD/YYYY

---

**10.  Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases.  If more than 1, attach a separate list.

☐ No

☒ Yes.　Debtor　**See Rider 1**　　　　　Relationship　**Affiliate**

　　　　　District　**Southern District of Texas**

　　　　　　　　　　　　　　　　　　　When　**12/12/2018**
　　　　　Case number, if known _____　　　　MM / DD / YYYY

---

| Debtor | Parker Drilling Management Services, Ltd. | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention.  Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

| _____ |
| Number        Street |

| _____ | | _____ | _____ |
| City | | State | Zip Code |

**Is the property insured?**

☐ No

☐ Yes.  Insurance agency _____

Contact name _____

Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

| | | | | | |
|---|---|---|---|---|---|
| ☐ | 1-49 | ☒ | 1,000-5,000 | ☐ | 25,001-50,000 |
| ☐ | 50-99 | ☐ | 5,001-10,000 | ☐ | 50,001-100,000 |
| ☐ | 100-199 | ☐ | 10,001-25,000 | ☐ | More than 100,000 |
| ☐ | 200-999 | | | | |

**15. Estimated assets[1]**

| | | | | | |
|---|---|---|---|---|---|
| ☐ | $0-$50,000 | ☐ | $1,000,001-$10 million | ☐ | $500,000,001-$1 billion |
| ☐ | $50,001-$100,000 | ☒ | $10,000,001-$50 million | ☐ | $1,000,000,001-$10 billion |
| ☐ | $100,001-$500,000 | ☐ | $50,000,001-$100 million | ☐ | $10,000,000,001-$50 billion |
| ☐ | $500,001-$1 million | ☐ | $100,000,001-$500 million | ☐ | More than $50 billion |

---

[1] Estimated assets reflect the latest available, unaudited information and are based on the Debtor's book values.  For additional information regarding the value of the Debtors' assets, please refer to the *Disclosure Statement for the Joint Chapter 11 Plan of Reorganization of Parker Drilling Company and its Debtors Affiliates*, filed contemporaneously herewith.

Debtor     Parker Drilling Management Services, Ltd.          Case number *(if known)*
           Name

---

**16. Estimated liabilities**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million

- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million

- ☒ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

---

**Request for Relief, Declaration, and Signatures**

**WARNING --**  Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on     **12/12/2018**
                MM/ DD / YYYY

✗  ___**/s/ John Edward Menger**___          ___**John Edward Menger**___
   Signature of authorized representative of debtor      Printed name

Title   ___**Authorized Signatory**___

**18. Signature of attorney**

✗  ___**/s/ Matthew D. Cavenaugh**___     Date  ___**12/12/2018**___
   Signature of attorney for debtor              MM/ DD/YYYY

**Matthew D. Cavenaugh**
Printed name

**Jackson Walker L.L.P.**
Firm name

**1401 McKinney Street, Suite 1900**
Number          Street

**Houston**                              **Texas**        **77010**
City                                     State           ZIP Code

**(713) 752-4200**                       **mcavenaugh@jw.com**
Contact phone                            Email address

**24062656**                             **Texas**
Bar number                               State

---

<table>
<tr><td colspan="2">Fill in this information to identify the case:</td></tr>
<tr><td colspan="2">United States Bankruptcy Court for the:<br><br>           Southern District of Texas<br> (State) </td></tr>
<tr><td>Case number <i>(if known):</i> _____</td><td>Chapter   11</td></tr>
</table>

☐ Check if this is an
amended filing

### Rider 1
### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of Texas for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Parker Drilling Company.

- Parker Drilling Company
- 2M-TEK, Inc.
- Anachoreta, Inc.
- Pardril, Inc.
- Parker Aviation Inc.
- Parker Drilling Arctic Operating, LLC
- Parker Drilling Company of Niger
- Parker Drilling Company North America, Inc.
- Parker Drilling Company of Oklahoma, Incorporated
- Parker Drilling Company of South America, Inc.
- Parker Drilling Management Services, Ltd.
- Parker Drilling Offshore Company, LLC
- Parker Drilling Offshore USA, L.L.C.
- Parker North America Operations, LLC
- Parker Technology, Inc.
- Parker Technology, L.L.C.
- Parker Tools, LLC
- Parker-VSE, LLC
- Quail USA, LLC
- Quail Tools, L.P.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| PARKER DRILLING MANAGEMENT SERVICES, LTD., | Case No. 18-_____(___) |
| Debtor. | |

## LIST OF EQUITY SECURITY HOLDERS[2]

| Debtor | Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| Parker Drilling Management Services, Ltd. | Parker North America Operations, LLC | 5 Greenway Plaza, Suite 100 Houston, TX 77046 | 100% |

---

[2]  This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed are as of the date of commencement of the chapter 11 case.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| PARKER DRILLING MANAGEMENT | ) Case No. 18-_____(____) |
| SERVICES, LTD., | ) |
| | ) |
| Debtor. | ) |
| | ) |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Parker North America Operations, LLC | 100% |

**Fill in this information to identify the case:**

Debtor name    Parker Drilling Company, *et al.*

United States Bankruptcy Court for the:    Southern District of Texas

Case number *(If known)*: _____    (State)

☐ Check if this is an amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases:  List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders[1]

**12/15**

A list of creditors holding the 50 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes.  Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 50 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Total claim, if partially secured | Deduction for value of collateral or setoff[2] | Unsecured Claim |
|---|---|---|---|---|---|---|---|
| 1 | The Bank of New York Mellon Trust Company, N.A., as Indentured Trustee ATTN: William Wallace Client Service Manager 600 Travis Street, 16th Floor Houston, TX  77002 United States | William Wallace EMAIL - William.L.Wallace@bnymellon.com PHONE - (713) 483-6025 FAX - (713) 483-6954 | Senior Notes Due 2020 & 2022 | | | | $585,000,000[3] |
| 2 | National Oilwell Varco, Inc. ATTN: Graham Dey Vice President of Sales 10353 Richmond Ave. Houston, TX  77042 United States | Graham Dey EMAIL - graham.dey@nov.com PHONE - 713-346-7936 FAX - | Trade Payable | | | | $2,179,673.88 |
| 3 | Hi-Tech Tubular Service ATTN: David Lesseigne President 1608 Highway 90 East New Iberia, LA  70560 United States | David Lesseigne EMAIL - PHONE - 337-369-7358 FAX - 337-369-7371 | Trade Payable | | | | $749,487.41 |

[1]    The *Joint Chapter 11 Plan of Reorganization of Parker Drilling Company and its Debtor Affiliates* and the first day motions propose to pay in full or otherwise leave unimpaired all non-funded debt unsecured creditors.

[2]    The Debtors reserve the right to assert setoff and other rights with respect to any of the claims listed herein.

[3]    Parker Drilling Company ("Parker" or the "Company") has issued and outstanding $225.0 million aggregate principal amount of 7.50% senior notes due August 2020 (the "2020 Notes"), and $360 million aggregate principal amount of 6.75% senior notes due July 2022 (the "2022 Notes, and collectively with the 2020 Notes, the "Unsecured Notes").

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 4 | Cameron International (A Schlumberger Company) ATTN: Paal Kibsgaard Chief Executive Officer and Chairman 1333 West Loop South Suite 1700 Houston, TX  77027 United States | Paal Kibsgaard EMAIL - PHONE - 713-513-3300 FAX - 713-513-3320 | Trade Payable | | | | $388,824.44 |
| 5 | MHWirth ATTN: Roy Dyrseth President 28377 FM 529 Katy, TX  77493 United States | Roy Dyrseth EMAIL - PHONE - 281-371-2424 FAX - 281-371-2426 | Trade Payable | | | | $353,862.18 |
| 6 | General Sheet Metal ATTN: Carol Duncan President 16345 SE Evelyn P.O. Box 1490 Clackamas, OR  97015 United States | Carol Duncan EMAIL - PHONE - 503-650-0405 FAX - 503-650-1058 | Trade Payable | | | | $314,053.70 |
| 7 | IOS Holdings, Inc. ATTN: Chad Henninger Regional Manager 900 Heavy Haul Road Morgantown, WV  26508 United States | Chad Henninger EMAIL - PHONE - 304-777-2577 FAX - 304-777-2574 | Trade Payable | | | | $259,256.00 |
| 8 | Specialties Co Copper State ATTN: Wayne Love Vice President 4874 South Warner Dr. Apache Junction, AZ  85120 United States | Wayne Love EMAIL - wlove@copperstaterubber.com PHONE - 623-334-7860 FAX - | Trade Payable | | | | $246,935.50 |
| 9 | A & P Trucking, Heavy Hauling, & Rigging ATTN: Paul Panson President 629 Fairchance Road Morgantown, WV  26508 United States | Paul Panson EMAIL - paulaptrucking@aol.com PHONE - 304-594-9302 FAX - | Trade Payable | | | | $241,745.50 |
| 10 | Enertex International Inc ATTN: Jon Rauch President 710 Post Oak Rd. #400 Houston, TX  77024 United States | Jon Rauch EMAIL - PHONE - 713-263-8222 FAX - 713-263-8555 | Trade Payable | | | | $240,193.00 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 11 | U.S. Environmental Protection Agency (EPA) ATTN: Cheryl Seager Director of the Compliance Assurance and Enforcement Division Region 6 Fountain Place 1445 Ross Ave. Dallas, TX 75202-2750 United States | Cheryl Seager EMAIL - seager.cheryl@epa.gov PHONE - 214-665-3114 FAX - | Reimbursement of Remediation Costs | Contingent & Unliquidated | | | At least $240,000.00[4] |
| 12 | Fairmont Tools Inc. ATTN: Nathan S. Kincaid President 283 Van Kirk Drive Marion Co. Industrial Park Fairmont, WV 26554 United States | Nathan S. Kincaid EMAIL - PHONE - 304-363-8339 FAX - 304-534-5314 | Trade Payable | | | | $210,746.56 |
| 13 | CD Lyon Construction Inc ATTN: Christopher D. Lyon Chief Executive Officer 380 Stanley Avenue Ventura, CA 93001 United States | Christopher D. Lyon EMAIL - PHONE - 805-653-0173 FAX - 805-653-0175 | Trade Payable | | | | $206,368.84 |
| 14 | Charter Supply Company ATTN: Jesse Moore President 8100 Ambassador Caffery Pkwy Broussard, LA 70518 United States | Jesse Moore EMAIL - PHONE - 337-837-2724 FAX - 337-837-6049 | Trade Payable | | | | $184,636.25 |
| 15 | American Alloy Steel ATTN: Arthur Moore President and Chief Executive Officer 6230 North Houston Rosslyn Road Houston, TX 77091 United States | Arthur Moore EMAIL - PHONE - 713-462-8081 FAX - 713-462-0527 | Trade Payable | | | | $183,667.00 |
| 16 | DNOW LP ATTN: Helen Washington Sales Representative 7402 North Eldridge Parkway Houston 77041 United States | Helen Washington EMAIL - helen.washington@dnow.com PHONE - 281-823-4483 FAX - | Trade Payable | | | | $162,774.43 |
| 17 | Smith International Inc ATTN: Khaled Al Mogharbel President 1310 Rankin Road Houston, TX 77073 United States | Khaled Al Mogharbel EMAIL - PHONE - 281-443-3370 FAX - 281-233-5996 | Trade Payable | | | | $118,344.89 |

---

[4]   The full amount to be paid is uncertain as the Debtors are unaware of future monitoring and remediation costs to be incurred by the EPA.  Notwithstanding the foregoing, the Debtors are certain that it will pay at least 20% of the $1.2 million settlement for past costs incurred by the EPA.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 18 | Ramey Martin Energy Tools ATTN: Jake Ramey President 910 Coteau Road New Iberia, LA 70560 United States | Jake Ramey EMAIL - PHONE - 337-367-7497 FAX - 337-364-5944 | Trade Payable | | | | $113,515.44 |
| 19 | Ram Winch Hoist Ltd ATTN: Jim Keppel Owner 14603 Chrisman Houston, TX 77039 United States | Jim Keppel EMAIL - PHONE - 281-999-8665 FAX - 281-999-8666 | Trade Payable | | | | $103,195.57 |
| 20 | CRG Electric Inc ATTN: Kent Elenburg Purchasing Manager 2056 N. FM 1936 Odessa, TX 79769 United States | Kent Elenburg EMAIL - kelenburg@crgelectric.com PHONE - 432-381-2493 FAX - | Trade Payable | | | | $101,933.96 |
| 21 | HMI Elements Limited ATTN: Howard Gould Director 10900 Brittmoore Park Drive Suite I Houston, TX 77041 United States | Howard Gould EMAIL - PHONE - 44 (0) 1653 699 908 FAX - 44 (0) 1653 699 904 | Trade Payable | | | | $99,544.50 |
| 22 | Weatherford Products Gmbh (Dubai Branch) ATTN: Jim Vogt Global Director of Capital Sales 2000 St. James Place Houston 77056 United States | Jim Vogt EMAIL - jim.vogt@weatherford.com PHONE - 713-836-4408 FAX - | Trade Payable | | | | $86,750.78 |
| 23 | Rexel Inc ATTN: Carleton Williams Industrial Branch Manager 14951 Dallas Parkway Dallas 75254 United States | Carleton Williams EMAIL - Carleton.Williams@rexelusa.com PHONE - 713-316-1740 FAX - | Trade Payable | | | | $81,954.20 |
| 24 | Keystone Energy Tools, LLC ATTN: Joe Ramey President 8404 Highway 90 West New Iberia, LA 70560 United States | Joe Ramey EMAIL - joe.ramey@keystoneenergytools.com PHONE - 337-365-4411 FAX - 337-365-4456 | Trade Payable | | | | $79,485.12 |
| 25 | Acme Truck Line Inc ATTN: Mike Coatney President 200 Westbank Expy Gretna, LA 70053 United States | Mike Coatney EMAIL - mike.coatney@acmetruck.com PHONE - 504-368-2510 FAX - | Trade Payable | | | | $79,428.90 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
|---|---|---|---|---|---|---|---|
| 26 | Broadleaf Group LLC<br>ATTN: Nikki Walley<br>Enterprise Account Manager<br>13100 Wortham Drive<br>Suite 150<br>Houston, TX  77065<br>United States | Nikki Walley<br>EMAIL -<br>nwalley@broadleafgroup.com<br>PHONE - 832-295-7202<br>FAX - | Trade Payable | | | | $78,034.35 |
| 27 | Patterson Rental Tools<br>ATTN: Len Denson<br>VP, General Manager<br>2828 Technology Forest Blvd<br>Woodlands, TX  77381<br>United States | Len Denson<br>EMAIL -<br>PHONE - 281-396-1000<br>FAX - 281-396-1903 | Trade Payable | | | | $76,190.35 |
| 28 | Bailey's Catering LLC<br>ATTN: Ema Haq<br>President<br>3639 Ambassador Caffery Pkwy<br>Lafayette, LA  70503<br>United States | Ema Haq<br>EMAIL - emahaq@bellsouth.net<br>PHONE - 337-406-8746<br>FAX - | Trade Payable | | | | $74,660.09 |
| 29 | Forum US Inc<br>ATTN: Lenora McMahon<br>Credit Analyst<br>920 Memorial City Way<br>Suite 1000<br>Houston, TX  77024<br>United States | Lenora McMahon<br>EMAIL -<br>PHONE - 281-949-2500<br>FAX - 281-949-2554 | Trade Payable | | | | $73,600.50 |
| 30 | ZECO Engineering LLC D/B/A Zimmerman Equipment Company<br>ATTN: Bryce Witko<br>Chief Executive Officer<br>275 South 800 E<br>Vernal, UT  84078<br>United States | Bryce Witko<br>EMAIL -<br>PHONE - 435-781-0454<br>FAX - 435-789-0255 | Trade Payable | | | | $71,601.85 |
| 31 | Joy Recycling LLC<br>ATTN: Denzil Metheny<br>Owner<br>18562 Veterans Memorial Hwy<br>Kingwood, WV  26537<br>United States | Denzil Metheny<br>EMAIL -<br>PHONE - 304-698-6324<br>FAX - 304-329-0333 | Trade Payable | | | | $69,247.40 |
| 32 | Brady Trucking, Inc.<br>ATTN: Charles Johnson<br>Chief Executive Officer and President<br>5130 S 5400 E<br>Vernal, UT  84078<br>United States | Charles Johnson<br>EMAIL -<br>PHONE - 435-781-1569<br>FAX - 435-781-8204 | Trade Payable | | | | $69,078.50 |
| 33 | Global Manufacturing, Inc.<br>ATTN: Kathy Klipstein<br>Chief Executive Officer<br>118 Nova Dr.<br>Broussard, LA  70518<br>United States | Kathy Klipstein<br>EMAIL -<br>PHONE - 337-237-1727<br>FAX - 337-232-9353 | Trade Payable | | | | $66,758.91 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
|---|---|---|---|---|---|---|---|
| 34 | Control Flow, Inc. ATTN: Bill Laird Chief Executive Officer and President 9201 Fairbanks N. Houston Road P.O. Box 40788 Houston, TX  77240-0788 United States | Bill Laird EMAIL - PHONE - 281-890-8300 FAX - 281-890-3947 | Trade Payable | | | | $65,775.54 |
| 35 | CP Machine, Inc. ATTN: Cameron Philabaum Owner 5229 - 142nd Drive NW Williston, ND  58801 United States | Cameron Philabaum EMAIL - cameronp@cp-machineinc.com PHONE - 701-570-8826 FAX - | Trade Payable | | | | $65,425.00 |
| 36 | UV Logistics, LLC ATTN: Colby Domingue Chief Executive Officer 4021 Ambassador Caffery Pkwy Suite 200, Building A Lafayette, LA  70503 United States | Colby Domingue EMAIL - PHONE - 337-291-6700 FAX - 337-837-1037 | Trade Payable | | | | $65,165.27 |
| 37 | Mustang Cat ATTN: Christina Alba Sales Manager 12800 Northwest Freeway Houston, TX  77040 United States | Christina Alba EMAIL - calba@mustangcat.com PHONE - 713-460-7265 FAX - | Trade Payable | | | | $62,229.06 |
| 38 | Sunbelt Supply Company ATTN: Scott Jackson Vice President 8363 Market Street Houston, TX  77029 United States | Scott Jackson EMAIL - PHONE - 713-672-2222 FAX - 713-672-2725 | Trade Payable | | | | $53,814.85 |
| 39 | Gaffney-Kroese Supply Corp. ATTN: Jack Kroese Owner 50 Randolph Road Somerset, NJ  08873 United States | Jack Kroese EMAIL - PHONE - 732-885-9000 FAX - 732-885-9555 | Trade Payable | | | | $53,496.82 |
| 40 | Jet Lube, Inc. ATTN: Greg Havelka Chief Executive Officer and President 930 Whitmore Drive Rockwall, TX  75087 United States | Greg Havelka EMAIL - PHONE - 713-670-5700 FAX - 713-678-4604 | Trade Payable | | | | $52,176.82 |
| 41 | W. L. Flowers Machine & Welding Co., Inc. ATTN: Aj Flowers President 2585 S. Federal Hwy 281 Alice, TX  78332 United States | Aj Flowers EMAIL - ajflowers@wlflowersmachineshop.com PHONE - 361-664-6527 FAX - 361-664-8858 | Trade Payable | | | | $50,606.40 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 42 | Gerald Robichaux, Jr., Loren Robichaux, and Mona Robichaux C/O Smith Stag, L.L.C. ATTN: Michael G. Stag and/or Kevin D. Micale One Canal Place 365 Canal St, Suite 2850 New Orleans, LA  70130 United States | EMAIL - PHONE - (504) 593-9600 FAX - (504) 593-9601 | Litigation Settlement | | | | $50,000.00[5] |
| 43 | PLS Logistics Services, Inc. ATTN: Gregory Burns Chief Executive Officer 3120 Unionville Road Bldg 110 Cranberry Township, PA  16066 United States | Gregory Burns EMAIL - PHONE - 724-814-5100 FAX - 724-814-5200 | Trade Payable | | | | $48,642.37 |
| 44 | Kuukpik Arctic Services ATTN: Terry McIntosh Chief Operating Officer 582 East 36th Avenue, Suite 600 Anchorage, AK  99503 United States | Terry McIntosh EMAIL - terry.mcintosh@articcatering.com PHONE - 907-279-6220 FAX - | Trade Payable | | | | $47,005.65 |
| 45 | MIE Supply, LLC ATTN: Jeri Lynn Ragusa Chief Executive Officer 9 Storehouse Lane Destrehan, LA  70047 United States | Jeri Lynn Ragusa EMAIL - jragusa@m-iesupply.com PHONE - 504-464-5918 FAX - | Trade Payable | | | | $46,705.85 |
| 46 | Extreme Machine and Urethane LLC ATTN: Jonathan Robrie President 202 E Angus Drive Youngsville, LA  70592 United States | Jonathan Robrie EMAIL - PHONE - 337-857-9090 FAX - 337-837-7944 | Trade Payable | | | | $46,192.89 |
| 47 | Hi-Kalibre Equipment Ltd. ATTN: Patrick Rabby President 7321 - 68 Ave NW Edmonton, AB  T6B 3T6 Canada | Patrick Rabby EMAIL - PHONE - 780-435-1111 FAX - 780-436-5164 | Trade Payable | | | | $45,939.85 |
| 48 | Skillsoft ATTN: Charles E. Moran Chief Executive Officer 300 Innovative Way, Suite 201 Nashua, NH  03062 United States | Charles E. Moran EMAIL - PHONE - 603-324-3000 FAX - 603-324-3009 | Trade Payable | | | | $45,384.94 |

---

[5]     The Debtors expect that the terms of the settlement will be finalized and the sum paid upon the plaintiff's settlement with other defendants to the lawsuit.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 49 | Drilling Systems UK Ltd ATTN: Clive Battisby Sales Representative 5 Aviation Park West Bournemouth International Airport Christchurch, Dorset,  BH23 6EW United Kingdom | Clive Battisby EMAIL - clive.battisby@drillingsystems.com PHONE - 44-1202-582255 FAX - | Trade Payable | | | | $45,000.00 |
| 50 | Derrick Corporation ATTN: Mitch Derrick Chief Executive Officer 590 Duke Road Buffalo, NY  14225 United States | Mitch Derrick EMAIL - PHONE - 716-683-9010 FAX - 713-551-0798 | Trade Payable | | | | $44,094.71 |

Fill in this information to identify the case and this filing:

Debtor Name      Parker Drilling Management Services, Ltd.

United States Bankruptcy Court for the:      Southern District of Texas

                                                                  (State)

Case number (If known):

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors     12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐   *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐   *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐   *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐   *Schedule H: Codebtors (Official Form 206H)*

☐   *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐   Amended Schedule

☒   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒   Other document that requires a declaration _____ List of Equity Security Holders and Corporate Ownership Statement _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

| | |
|---|---|
| **12/12/2018** | ☒ */s/ John Edward Menger* |
| MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | **John Edward Menger** |
| | Printed name |
| | **Authorized Signatory** |
| | Position or relationship to debtor |

Official Form 202               Declaration Under Penalty of Perjury for Non-Individual Debtors

**OMNIBUS WRITTEN CONSENT IN LIEU OF MEETINGS
OF THE BOARDS OF DIRECTORS, BOARDS OF MANAGERS,
SOLE MANAGERS, MEMBERS, SOLE MEMBER AND MANAGERS, LIMITED PARTNERS
AND GENERAL PARTNERS**

**Dated as of December 11, 2018**

Effective as of the date written above, the undersigned, being all of the members of the respective board of directors or board of managers, the general partner, or the sole member (each, the "Governing Body"), as applicable, of each of the entities listed on Annex A attached hereto (each a "Company" and collectively, the "Companies") hereby take the following actions and adopt the following resolutions by written consent (this "Consent") pursuant to the bylaws, limited liability company agreement, limited partnership agreement, or similar document of each respective Company (as amended, restated, amended and restated or modified from time to time of each Company, as applicable, the "Governing Document"), and the laws of the state of formation of each Company as set forth next to each Company's name on Annex A:

**Appointment of Chief Restructuring Officer**

WHEREAS, in the judgment of each Governing Body, it is desirable and in the best interests of each Company that the Company appoint a Chief Restructuring Officer; and

WHEREAS, in the judgment of each Governing Body, in recognition of his work in connection with Project Drake, it is desirable and in the best interests of each Company that John Edward Menger is appointed to the role of Chief Restructuring Officer.

NOW, THEREFORE, BE IT,

RESOLVED, that the Governing Bodies hereby create the office of Chief Restructuring Officer;

RESOLVED, that John Edward Menger is appointed to the office of Chief Restructuring Officer, to hold such office until the earlier of his resignation or removal by the Board;

RESOLVED, that Mr. Menger shall be authorized from time to time to make decisions with respect to certain aspects of the Company's restructuring initiatives (the "Restructuring Decisions"), subject to the direction of the Chief Executive Officer and the Board;

RESOLVED, that all Restructuring Decisions of Mr. Menger shall be discussed with the members of the Company's management team that Mr. Menger determines to be appropriate prior to implementation of such decisions and shall be implemented by the management of the Company; and

RESOLVED, that the appointment of Mr. Menger is hereby effective retroactively as of May 1, 2018.

**Chapter 11 Filing**

WHEREAS, each Governing Body has considered presentations by each Company's management and the financial and legal advisors of each Company regarding the liabilities and liquidity situation of each Company, the strategic alternatives available to it, and the effect of the foregoing on each Company's business; and

WHEREAS, each Governing Body has had the opportunity to consult with management and the financial and legal advisors of the Companies and fully consider each of the strategic alternatives available to each Company.

NOW, THEREFORE, BE IT,

RESOLVED, that in the judgment of the Governing Body, it is desirable and in the best interests of each applicable Company (including a consideration of its creditors and other parties in interest) that each Company shall be, and hereby is, authorized to file, or cause to be filed, voluntary petitions for relief (the "Chapter 11 Cases") under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in a court of proper jurisdiction (the "Bankruptcy Court") and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States; and

RESOLVED, that any duly elected or appointed officer of each Company or any officer of the general partner of each Company, as applicable (each, an "Authorized Signatory" and collectively, the "Authorized Signatories"), acting alone or with one or more other Authorized Signatories be, and they hereby are, authorized, empowered, and directed to execute and file on behalf of each Company all petitions, schedules, lists and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of each Company's business.

**Restructuring Documents**

WHEREAS, each Governing Body has determined that it is in the best interest of each Company, its creditors, and other parties in interest for the Governing Body to authorize the Company to enter into that certain restructuring support agreement (the "Restructuring Support Agreement") by and among each Company and certain consenting stakeholders substantially in the form presented to the Governing Body on or in advance of the date hereof;

WHEREAS, each Governing Body acknowledges and believes that the Restructuring Support Agreement is procedurally and substantively fair to the Company as contemplated by applicable law and the Company's governing documents, to the extent applicable;

WHEREAS, the Governing Body of Parker Drilling Company has determined that it is in the best interest of Parker Drilling Company, its creditors, and other parties in interest for the Governing Body to authorize Parker Drilling Company to enter into that certain backstop commitment agreement (the "Backstop Commitment Agreement") by and among Parker Drilling Company and certain commitment parties substantially in the form presented to the Governing Body on or in advance of the date hereof and to authorize the payment of certain fees in connection therewith

2

and to prepay the Commitment Fee and estimated professional fee retainers in connection therewith;

WHEREAS, the Governing Body of Parker Drilling Company acknowledges and believes that the Backstop Commitment Agreement is procedurally and substantively fair to Parker Drilling Company as contemplated by applicable law and Parker Drilling Company's governing documents, to the extent applicable;

WHEREAS, the Restructuring Support Agreement and Backstop Commitment Agreement contemplate that each Company will file the joint plan of reorganization (the "Plan") and related disclosure statement (the "Disclosure Statement") substantially contemporaneously with entry into the Restructuring Support Agreement and Parker Drilling Company's entry into the Backstop Commitment Agreement;

WHEREAS, each Governing Body has determined that it is in the best interest of each Company, its creditors, and other parties in interest for the Governing Body to authorize the Company to file in a court of competent jurisdiction the Plan and Disclosure Statement substantially in the form presented to the Governing Body on or in advance of the date hereof;

NOW, THEREFORE, BE IT,

RESOLVED, that the Authorized Signatories be, and they hereby are, authorized to take all actions (including, without limitation, to negotiate and execute any agreements, documents, or certificates) necessary to enter into the Restructuring Support Agreement and the Backstop Commitment Agreement, and to file the Plan and Disclosure Statement (collectively, the "Restructuring Documents"), and to consummate the transactions contemplated thereby in connection with the Chapter 11 Cases and that each Company's performance of its obligations under the Restructuring Support Agreement and Parker Drilling Company's performance of its obligations under the Backstop Commitment Agreement including, without limitation, the prepayment of the Commitment Fee and estimated professional fee retainers in connection therewith hereby is, in all respects, authorized and approved;

RESOLVED, that the Authorized Signatories be, and they hereby are, authorized and empowered to enter on behalf of the Company into a restructuring transaction or series of restructuring transactions by which the Company will restructure its debt obligations and other liabilities, including without limitation the restructuring transactions described in the Restructuring Documents (collectively, the "Restructuring Transactions"); and

RESOLVED, that the Authorized Signatories be, and they hereby are, authorized, directed and empowered in the name of, and on behalf of, the Company to take any and all actions to (i) obtain approval by a court of competent jurisdiction or any other regulatory or governmental entity of the Restructuring Documents in connection with the Restructuring Transaction, and (ii) obtain approval by any court of competent jurisdiction or any other regulatory or governmental entity of any Restructuring Transactions.

**Shareholder Rights Plan**

WHEREAS, on July 12, 2018, Parker Drilling Company adopted a shareholder rights plan (including any amendments thereto, the "Rights Plan") to prevent any holder or group of holders from obtaining effective control in Parker Drilling Company without paying a fair control premium and to prevent any one shareholder from effectively blocking strategic actions that may be beneficial to all shareholders;

WHEREAS, the Rights Plan was amended on August 23, 2018 to protect the potential future value of Parker Drilling Company's net operating losses, foreign tax credits, and other tax attributes, which would have been substantially limited if Parker Drilling Company had experienced an "ownership change" as defined in Section 382 of the Internal Revenue Code of 1986, as amended;

WHEREAS, Section 25 of the Rights Plan permits the Governing Body of Parker Drilling Company to exempt an acquisition of common stock of Parker Drilling Company that would otherwise result in the triggering of the Rights Plan if the Governing Body determines that the exemption is in the best interests of Parker Drilling Company; and

WHEREAS, it is a condition to the effectiveness of the RSA that the Governing Body of Parker Drilling Company has previously approved by resolution that the Restructuring Transactions, the entry into the Restructuring Support Agreement and the consummation of the Restructuring Transactions and the Plan, shall be fully exempted from the provisions of the Rights Plan and shall have deemed the Consenting Stakeholders and their Affiliates both individually and collectively to be each an "Exempt Person" as defined in the Rights Plan with respect to the Restructuring Transactions contemplated under the Plan.

NOW, THEREFORE, BE IT RESOLVED, that the designation of the Consenting Stakeholders and their Affiliates, both individually and collectively, each as an "Exempt Person" in connection with the Restructuring Transactions, the entry into the Restructuring Support Agreement and the consummation of the Restructuring Transactions and the Plan is in the best interests of Parker Drilling Company;

RESOLVED, that the entry into the Restructuring Support Agreement and the consummation of the Restructuring Transactions and the Plan are fully exempted from the provisions of the Rights Plan; and

RESOLVED, that the Consenting Stakeholders and their Affiliates, both individually and collectively, are each an "Exempt Person" as defined in the Rights Plan with respect to the Restructuring Transactions contemplated under the Plan.

**Retention of Professionals**

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ:  (i) the law firm of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as general bankruptcy counsel; (ii) the law firm of Jackson Walker L.L.P. as co-bankruptcy counsel; (iii) Moelis & Company LLC as financial advisor; (iv) Alvarez & Marsal as restructuring advisor; (v) Prime Clerk LLC as notice and claims agent; and (vi) any other legal counsel, accountants, financial advisors, restructuring advisors or other professionals the Authorized

Signatories deem necessary, appropriate or advisable; each to represent and assist each Company in carrying out its duties under the Bankruptcy Code and any applicable law, and to take any and all actions to advance each Company's rights and obligations, including without limitation filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute (under the common seal of the Company, if appropriate) appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate applications for authority to retain such services; and

RESOLVED, that each of the Authorized Signatories be, and they hereby are, with power of delegation, authorized, empowered and directed to execute (under the common seal of the Company, if appropriate) and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Signatories in their absolute discretion deem necessary, appropriate, or desirable in connection with these resolutions.

**Debtor-in-Possession Financing**

WHEREAS, reference is made to that certain Debtor-In-Possession Credit Agreement (together with all exhibits, schedules, and annexes thereto, the "DIP Credit Agreement") dated as of, or about, the date hereof, by and among Parker Drilling Company, as the parent borrower (the "Parent Borrower"), Parker Drilling Arctic Operating, LLC, Parker Drilling Offshore USA, L.L.C., and Quail Tools, L.P., each as a designated borrower (the "Designated Borrowers " and, together with the Parent Borrower, the "Borrowers") and each a debtor and debtor-in-possession under Chapter 11 of the Bankruptcy Code, Bank of America, N.A., as administrative agent (the "DIP Agent"), the lenders from time to time party thereto (collectively, the "DIP Lenders"), and the other agents referred to therein;

WHEREAS, the Borrowers have requested that the DIP Lenders provide a senior secured debtor-in-possession asset-based revolving credit facility to the Borrowers;

WHEREAS, the obligation of the DIP Lenders to make the extensions of credit to the Borrowers is subject to, among other things, each Borrower entering into the DIP Credit Agreement and the Companies satisfying certain conditions in the DIP Credit Agreement;

WHEREAS, each Company will obtain benefits from the DIP Credit Agreement and it is advisable and in the best interest of each Company that each Borrower enters into the DIP Credit Agreement and performs its obligations thereunder; and

WHEREAS, each Company will obtain benefits from the other Loan Documents (as defined in the DIP Credit Agreement, the "DIP Loan Documents") and it is advisable and in the best interest of each Company that each Company enter into each DIP Loan Document to which it is a party and to perform its obligations thereunder, including granting security interests in all or substantially all of its assets.

NOW, THEREFORE, BE IT RESOLVED, that the form, terms, and provisions of the DIP Credit Agreement and each other DIP Loan Document, and the transactions contemplated by the DIP

Credit Agreement (including, without limitation, the borrowings thereunder) and each other DIP Loan Document, the transactions contemplated therein, and the guaranties, liabilities, obligations, security interests granted, and notes issued, if any, in connection therewith, be and hereby are authorized, adopted, and approved;

RESOLVED, that each Company will obtain benefits from the DIP Credit Agreement and it is advisable and in the best interest of each Company that each Borrower enters into the DIP Credit Agreement and performs its obligations thereunder;

RESOLVED, that each Company will obtain benefits from the other DIP Loan Documents and it is advisable and in the best interest of each Company that each Company enters into the DIP Loan Documents to which it is a party and performs its obligations thereunder, including granting security interests in all or substantially all of its assets;

RESOLVED, that each Company's execution and delivery of, and its performance of its obligations (including guarantees) in connection with the DIP Credit Agreement and the other DIP Loan Documents, are hereby, in all respects, authorized and approved; and further resolved, that each of the Authorized Signatories, acting alone or with one or more Authorized Signatories, is hereby authorized, empowered, and directed to negotiate the terms of and to execute, deliver, and perform under the DIP Credit Agreement and the other DIP Loan Documents and any and all other documents, certificates, instruments, agreements, intercreditor agreements, any amendment, or any other modification required to consummate the transactions contemplated by the DIP Credit Agreement and any other DIP Loan Document in the name and on behalf of each Company, in the form approved, with such changes therein and modifications and amendments thereto as any of the Authorized Signatories may in his or her sole discretion approve, which approval shall be conclusively evidenced by his or her execution thereof. Such execution by any of the Authorized Signatories is hereby authorized to be by facsimile, engraved or printed as deemed necessary and preferable;

RESOLVED, that the each of the Authorized Signatories, acting alone or with one or more Authorized Signatories, be, and hereby are, authorized, empowered, and directed in the name of, and on behalf of, each Company to seek authorization to enter into the DIP Credit Agreement and each other DIP Loan Document and to seek approval of the use of cash collateral pursuant to a postpetition financing order in interim and final form, and any Authorized Signatory be, and hereby is, authorized, empowered, and directed to negotiate, execute, and deliver any and all agreements, instruments, or documents, by or on behalf of each Company, necessary to implement the postpetition financing, including providing for adequate protection to the Secured Lenders in accordance with section 363 of the Bankruptcy Code, as well as any additional or further agreements for entry into the DIP Credit Agreement and each other DIP Loan Document and the use of cash collateral in connection with each Company's Chapter 11 Cases, which agreements may require each Company to grant adequate protection and liens to each Company's Secured Lenders and each other agreement, instrument, or document to be executed and delivered in connection therewith, by or on behalf of each Company pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Signatory approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof;

RESOLVED, that (i) the form, terms, and provisions of the DIP Credit Agreement and all other DIP Loan Documents to which each Company is a party, (ii) the grant of security interests in, pledges of, and liens on all or substantially all of the assets now or hereafter owned by each Company as collateral (including pledges of equity and personal property as collateral) under the DIP Loan Documents, (iii) the guaranty of obligations by each Company under the Loan DIP Documents, from which each Company will derive value, be and hereby are, authorized, adopted, and approved, and (iv) any Authorized Signatory or other officer of each Company is hereby authorized, empowered, and directed, in the name of and on behalf of each Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, each of the transactions contemplated by the DIP Credit Agreement, substantially in the form provided to each Governing Body, the DIP Loan Documents and such other agreements, fee letters, commitment letters, certificates, instruments, receipts, petitions, motions, or other papers or documents to which each Company is or will be a party or any order entered into in connection with the Chapter 11 Cases (collectively with the DIP Credit Agreement, the "Financing Documents"), incur and pay or cause to be paid all related fees and expenses, with such changes, additions, and modifications thereto as an Authorized Signatory executing the same shall approve;

RESOLVED, that each Company, as debtor and debtor-in-possession under the Bankruptcy Code be, and hereby is, authorized, empowered, and directed to incur any and all obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the Financing Documents (collectively, the "Financing Transactions"), including granting liens on its assets to secure such obligations and the refinancing of the obligations outstanding pursuant to the Existing ABL Credit Agreement;

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized, empowered, and directed in the name of, and on behalf of, each Company, as debtor and debtor-in-possession, to take such actions as in its discretion is determined to be necessary, desirable, or appropriate to execute, deliver, and file:  (i) the Financing Documents and such agreements, certificates, instruments, guaranties, notices, and any and all other documents, including, without limitation, any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of any Financing Documents, necessary, desirable, or appropriate to facilitate the Financing Transactions; (ii) all petitions, schedules, lists, and other motions, papers, or documents, which shall in its sole judgment be necessary, proper, or advisable, which determination shall be conclusively evidenced by his/her or their execution thereof; (iii) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by the DIP Agent and other parties in interest; and (iv) such forms of deposit account control agreements, officer's certificates, and compliance certificates as may be required by the Financing Documents;

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized, empowered, and directed in the name of, and on behalf of, each Company to file or to authorize the DIP Agent to file any Uniform Commercial Code ("UCC") financing statements, any other equivalent filings, any intellectual property or real estate filings and recordings, and any necessary assignments for security or other documents in the name of each Company that the DIP Agent deems necessary or convenient to perfect any lien or security interest granted under the Financing Documents, including any such UCC financing statement containing a generic description of

collateral, such as "all assets," "all property now or hereafter acquired," and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of each Company and such other filings in respect of intellectual and other property of each Company, in each case as the DIP Agent may reasonably request to perfect the security interests of the DIP Agent under the Financing Documents;

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized, empowered, and directed in the name of, and on behalf of, each Company to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the Financing Transactions and all fees and expenses incurred by or on behalf of each Company in connection with the foregoing resolutions, in accordance with the terms of the Financing Documents, which shall in their reasonable business judgment be necessary, proper, or advisable to perform each Company's obligations under or in connection with the Financing Documents or any of the Financing Transactions and to fully carry out the intent of the foregoing resolutions;

RESOLVED, that each of the Authorized Signatories be, and hereby is, authorized, empowered, and directed in the name of, and on behalf of, each Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the postpetition financing or any of the Financing Documents or to do such other things which shall in their sole judgment be necessary, desirable, proper, or advisable to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by his/her or their execution thereof; and

RESOLVED, that to the extent any Company serves as the sole member, general partner, managing member, equivalent manager, or other governing body (each, a "Controlling Company") of any other Company (each, a "Controlled Company"), each Authorized Signatory, as applicable, is authorized, empowered, and directed to take each of the actions described in these resolutions or any of the actions authorized by these resolutions on behalf of the applicable Controlling Company.

**Cancellation of ABL**

WHEREAS, in connection with the Restructuring Transactions it is contemplated that the Second Amended and Restated Credit Agreement, dated as of January 26, 2015, among certain of the Companies, Bank of America, N.A. as Administrative Agent and L/C Issuer, Wells Fargo Bank, National Association as Syndication Agent, Barclays Bank PLC as Documentation Agent, Merrill Lynch Pierce, Fenner & Smith Incorporated and Wells Fargo Securities, LLC, as Joint Lead Arrangers and Joint Bookrunners, and other lenders and L/C issuers from time to time party thereto (the "ABL Credit Agreement") shall be terminated prior to or shortly after the filing of the Chapter 11 Cases.

NOW, THEREFORE, BE IT RESOLVED, that each of the Authorized Signatories, acting alone or with one or more Authorized Signatories, be, and hereby are, authorized, empowered, and directed in the name of, and on behalf of, each Company to terminate the ABL Credit Agreement;

**General**

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, each of the Authorized Signatories (and their designees and delegates) be, and they hereby are, authorized and empowered, in the name of and on behalf of each Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such director's judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein;

RESOLVED, that the Governing Body of each Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of each Company, or hereby waive any right to have received such notice;

RESOLVED, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby, in all respects, approved and ratified as the true acts and deeds of each Company with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of the Governing Body; and

RESOLVED, that each of the Authorized Signatories (and their designees and delegates) be, and hereby is, authorized and empowered to take all actions or to not take any action in the name of each Company with respect to the transactions contemplated by these resolutions hereunder, as such Authorized Signatory shall deem necessary or desirable in such Authorized Signatory's reasonable business judgment to effectuate the purposes of the transactions contemplated herein.

* * * * *

IN WITNESS WHEREOF, the undersigned have executed this consent as of the date first above written and in the capacities indicated on Annex A attached hereto.

_____
Gary G. Rich

_____
Michael W. Sumruld

_____
Jennifer Simons

_____
Jonathan M. Clarkson

_____
Peter T. Fontana

_____
Gary R. King

_____
Robert L. Parker, Jr.

_____
Richard D. Paterson

_____
Zaki Selim

**PARKER NORTH AMERICA OPERATIONS, LLC,**
a Nevada limited liability company

       By: Parker Drilling Company, its sole member

By:_____
Name:  Michael W. Sumruld
Title:    Senior Vice President and Chief Financial Officer

**PARKER   DRILLING   COMPANY,**   a   Delaware corporation

By:_____
Name:  Michael W. Sumruld
Title:    Senior Vice President and Chief Financial Officer

[Signature Page to DIP Omnibus Written Consent]

IN WITNESS WHEREOF, the undersigned have executed this consent as of the date first above written and in the capacities indicated on Annex A attached hereto.

_____
Gary G. Rich

_____
Michael W. Sumruld

_____
Jennifer Simons

_____
Jonathan M. Clarkson

_____
Peter T. Fontana

_____
Gary R. King

_____
Robert L. Parker, Jr.

_____
Richard D. Paterson

_____
Zaki Selim

**PARKER NORTH AMERICA OPERATIONS, LLC**, a Nevada limited liability company

By: Parker Drilling Company, its sole member

By: _____
Name:   Michael W. Sumruld
Title:    Senior Vice President and Chief Financial Officer

**PARKER   DRILLING   COMPANY**,   a   Delaware corporation

By: _____
Name:   Michael W. Sumruld
Title:    Senior Vice President and Chief Financial Officer

IN WITNESS WHEREOF, the undersigned have executed this consent as of the date first above written and in the capacities indicated on Annex A attached hereto.

_____
Gary G. Rich

_____
Michael W. Sumruld

_____
Jennifer Simons

_____
Jonathan M. Clarkson

_____
Peter T. Fontana

_____
Gary R. King

_____
Robert L. Parker, Jr.

_____
Richard D. Paterson

_____
Zaki Selim

**PARKER NORTH AMERICA OPERATIONS, LLC**, a Nevada limited liability company

By: Parker Drilling Company, its sole member

By:_____
Name:   Michael W. Sumruld
Title:    Senior Vice President and Chief Financial Officer

**PARKER DRILLING COMPANY**, a Delaware corporation

By:_____
Name:   Michael W. Sumruld
Title:    Senior Vice President and Chief Financial Officer

[Signature Page to DIP Omnibus Written Consent]

IN WITNESS WHEREOF, the undersigned have executed this consent as of the date first above written and in the capacities indicated on Annex A attached hereto.

_____

Gary G. Rich

_____

Michael W. Sumruld

_____

Jennifer Simons

_____

Jonathan M. Clarkson

_____

Peter T. Fontana

_____

Gary R. King

_____

Robert L. Parker, Jr.

_____

Richard D. Paterson

_____

Zaki Selim

**PARKER NORTH AMERICA OPERATIONS, LLC,** a Nevada limited liability company

By: Parker Drilling Company, its sole member

By:_____
Name:  Michael W. Sumruld
Title:   Senior Vice President and Chief Financial Officer

**PARKER DRILLING COMPANY**, a Delaware corporation

By:_____
Name:  Michael W. Sumruld
Title:   Senior Vice President and Chief Financial Officer

[Signature Page to DIP Omnibus Written Consent]

IN WITNESS WHEREOF, the undersigned have executed this consent as of the date first above written and in the capacities indicated on Annex A attached hereto.

_____

Gary G. Rich

_____

Michael W. Sumruld

_____

Jennifer Simons

_____

Jonathan M. Clarkson

_____

Peter T. Fontana

_____

Gary R. King

_____

Robert L. Parker, Jr.

_____

Richard D. Paterson

_____

Zaki Selim

**PARKER NORTH AMERICA OPERATIONS, LLC,**
a Nevada limited liability company

By: Parker Drilling Company, its sole member

By:_____
Name:  Michael W. Sumruld
Title:    Senior Vice President and Chief Financial Officer

**PARKER DRILLING COMPANY**, a Delaware corporation

By:_____
Name:  Michael W. Sumruld
Title:    Senior Vice President and Chief Financial Officer

[Signature Page to DIP Omnibus Written Consent]

IN WITNESS WHEREOF, the undersigned have executed this consent as of the date first above written and in the capacities indicated on Annex A attached hereto.

_____
Gary G. Rich

_____
Michael W. Sumruld

_____
Jennifer Simons

_____
Jonathan M. Clarkson

_____
Peter T. Fontana

_____
Gary R. King

_____
Robert L. Parker, Jr.

_____
Richard D. Paterson

_____
Zaki Selim

**PARKER NORTH AMERICA OPERATIONS, LLC**, a Nevada limited liability company

By: Parker Drilling Company, its sole member

By:_____
Name: Jennifer Simons
Title: Secretary

**PARKER DRILLING COMPANY**, a Delaware corporation

By:_____
Name: Jennifer Simons
Title: Secretary

Signature Page to
Omnibus Consent

IN WITNESS WHEREOF, the undersigned have executed this consent as of the date first above written and in the capacities indicated on Annex A attached hereto.

_____

Gary G. Rich

_____

Michael W. Sumruld

_____

Jennifer Simons

_____

Jonathan M. Clarkson

_____

Peter T. Fontana

_____

Gary R. King

_____

Robert L. Parker, Jr.

_____

Richard D. Paterson

_____

Zaki Selim

**PARKER NORTH AMERICA OPERATIONS, LLC,** a Nevada limited liability company

       By: Parker Drilling Company, its sole member

By:_____
Name:  Michael W. Sumruld
Title:    Senior Vice President and Chief Financial Officer

**PARKER DRILLING COMPANY,** a Delaware corporation

By:_____
Name:  Michael W. Sumruld
Title:    Senior Vice President and Chief Financial Officer

[Signature Page to DIP Omnibus Written Consent]

IN WITNESS WHEREOF, the undersigned have executed this consent as of the date first above written and in the capacities indicated on Annex A attached hereto.

_____
Gary G. Rich

_____
Michael W. Sumruld

_____
Jennifer Simons

_____
Jonathan M. Clarkson

_____
Peter T. Fontana

_____
Gary R. King

_____
Robert L. Parker, Jr.

_____
Richard D. Paterson

_____
Zaki Selim

**PARKER NORTH AMERICA OPERATIONS, LLC,**
a Nevada limited liability company

By: Parker Drilling Company, its sole member

By:_____
Name:  Michael W. Sumruld
Title:    Senior Vice President and Chief Financial Officer

**PARKER DRILLING COMPANY**, a Delaware corporation

By:_____
Name:  Michael W. Sumruld
Title:    Senior Vice President and Chief Financial Officer

[Signature Page to DIP Omnibus Written Consent]

IN WITNESS WHEREOF, the undersigned have executed this consent as of the date first above written and in the capacities indicated on Annex A attached hereto.

_____
Gary G. Rich

_____
Michael W. Sumruld

_____
Jennifer Simons

_____
Jonathan M. Clarkson

_____
Peter T. Fontana

_____
Gary R. King

_____
Robert L. Parker, Jr.

_____
Richard D. Paterson

_____
Zaki Selim

**PARKER NORTH AMERICA OPERATIONS, LLC**, a Nevada limited liability company

By: Parker Drilling Company, its sole member

By:_____
Name:   Michael W. Sumruld
Title:    Senior Vice President and Chief Financial Officer

**PARKER   DRILLING   COMPANY**, a   Delaware corporation

By:_____
Name:   Michael W. Sumruld
Title:    Senior Vice President and Chief Financial Officer

**PARKER DRILLING OFFSHORE COMPANY, LLC**, a Nevada limited liability company

By:_____

Name: Jennifer Simons

Title: Secretary

**QUAIL USA, LLC**, an Oklahoma limited liability company

By: Parker Drilling Offshore Company, LLC, its sole member

By:_____

Name: Jennifer Simons

Title: Seccretary

**Annex A**

| Company | Board of Directors, Board of Managers, General Partner, or Sole Member, as applicable |
|---|---|
| 1. 2M-TEK, Inc., a Louisiana corporation<br>2. ANACHORETA, INC., a Nevada corporation<br>3. Pardril, Inc., an Oklahoma corporation<br>4. PARKER AVIATION INC., an Oklahoma corporation<br>5. PARKER DRILLING COMPANY NORTH AMERICA, INC., a Nevada corporation<br>6. PARKER DRILLING COMPANY OF NIGER, an Oklahoma corporation<br>7. PARKER DRILLING COMPANY OF OKLAHOMA, INCORPORATED, an Oklahoma corporation<br>8. PARKER DRILLING COMPANY OF SOUTH AMERICA, INC., an Oklahoma corporation<br>9. PARKER TECHNOLOGY, INC., an Oklahoma corporation | Gary G. Rich<br>Michael W. Sumruld<br>Jennifer Simons,<br>as the directors on each Company's Board of Directors |
| 10. PARKER DRILLING ARCTIC OPERATING, LLC, a Delaware limited liability company<br>11. PARKER DRILLING MANAGEMENT SERVICES, LTD., a Nevada corporation<br>12. PARKER DRILLING OFFSHORE COMPANY, LLC, a Nevada limited liability company<br>13. PARKER DRILLING OFFSHORE USA, L.L.C., an Oklahoma limited liability company<br>14. PARKER NORTH AMERICA OPERATIONS, LLC, a Nevada limited liability company | Gary G. Rich<br>Michael W. Sumruld<br>Jennifer Simons,<br>as the managers on each Company's Board of Managers |
| 15. PARKER TECHNOLOGY, L.L.C., a Louisiana limited liability company | Parker Drilling Offshore Company, LLC (f/k/a Parker Drilling Company Limited), as its Sole Member |
| 16. PARKER DRILLING COMPANY, a Delaware corporation | Gary G. Rich<br>Jonathan M. Clarkson<br>Peter T. Fontana<br>Gary R. King<br>Robert L. Parker, Jr.<br>Richard D. Paterson<br>Zaki Selim,<br>as the directors on the Company's Board of Directors |
| 17. PARKER-VSE, LLC, a Nevada limited liability company | Michael W. Sumruld<br>Jennifer Simons,<br>as the managers on the Company's Board of Managers |

| Company | Board of Directors, Board of Managers, General Partner, or Sole Member, as applicable |
|---|---|
| 18. PARKER DRILLING MANAGEMENT SERVICES, LTD., a Nevada corporation<br>19. PARKER DRILLING OFFSHORE COMPANY, LLC, a Nevada limited liability company | Parker North America Operations, LLC, as each Company's Sole Member |
| 20. PARKER NORTH AMERICA OPERATIONS, LLC, a Nevada limited liability company | Parker Drilling Company, as its Sole Member |
| 21. PARKER TOOLS, LLC, an Oklahoma limited liability company | Parker Drilling Offshore Company, LLC (f/k/a Parker Drilling U.S.A. Ltd.), as its Sole Member |
| 22. QUAIL TOOLS, L.P., an Oklahoma limited partnership | Quail USA, LLC, as its General Partner |
| 23. QUAIL USA, LLC, an Oklahoma limited liability company | Parker Drilling Offshore Company, LLC (f/k/a Parker Drilling Company Limited), as its Sole Member |